IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Shannon R. Todd, #236516, | ) | C/A No.: 1:14-221-TLW-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Warden of Livesay Correctional | ) | |
| Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Shannon R. Todd is an inmate at the Livesay Correctional Institution of

the South Carolina Department of Corrections who filed this *pro se* petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28

U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.) for a Report and

Recommendation on Respondent's motion for summary judgment and return. [ECF Nos.

19, 20]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court

advised Petitioner of the summary judgment and dismissal procedures and the possible

consequences if he failed to respond adequately to Respondent's motion. [ECF No. 21].

Petitioner filed a response [ECF No. 25],[1] to which Respondent filed a reply [ECF No.

26].[2]

---

[1] Petitioner's response includes an attachment entitled "Notice of Motion and Motion Rule 15(b) Amendments to Conform Evidence and Supplemental Pleadings." [ECF No. 25-2]. The court has considered the information in this attachment, but does not consider it as a separate motion requiring a ruling. *See also* ECF No. 17 (denying Petitioner's prior motion

1

Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's motion for summary judgment be granted.

I.    Factual and Procedural Background

On February 5, 2008, Petitioner was stopped on I-86 for a traffic violation and, after a canine alert, was found to be in possession of 2.2 lbs of powder cocaine and a firearm. [ECF No. 20-2 at 14, 37–39]. Petitioner was indicted by the Oconee County grand jury in March 2008 for trafficking in cocaine (more than 400 grams) (2008-GS-37-496). [ECF No. 20-1 at 2–3]. Petitioner was represented by Druanne D. White, Esq. [ECF No. 20-2 at 3–18].

On June 24, 2008, Petitioner pled guilty to trafficking in cocaine (28 to 100 grams) before the Honorable Alexander S. Macaulay, Circuit Court Judge. *Id.* Judge Macaulay

---

[ECF No. 16] seeking the same). Because the documents were not presented to the PCR judge, the court cannot consider them in reviewing the PCR judge's decision. Petitioner has offered no evidence or fact that was unavailable at either the plea or the collateral proceeding that would support a finding of actual innocence. He is not entitled to supplement the prior established factual basis. *Schriro v. Landrigan*, 550 U.S. 465, 475 (2007) ("If district courts were required to allow federal habeas applicants to develop even the most insubstantial factual allegations in evidentiary hearings, district courts would be forced to reopen factual disputes that were conclusively resolved in the state courts."); *Cullen v. Pinholster*, ___U.S. ___, 131 S.Ct. 1388, 1401 (2011) ("Although state prisoners may sometimes submit new evidence in federal court, AEDPA's statutory scheme is designed to strongly discourage them from doing so. Provisions like §§ 2254(d)(1) and (e)(2) ensure that "[f]ederal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings.") (internal citation omitted).

[2] Petitioner filed a document entitled "Objecting/Counterclaim," which was docketed as a sur-reply [ECF No. 27], but there is no provision in the Federal or Local Civil Rules that permits the filing of such a document without leave of court.

sentenced Petitioner to the State's recommendation of 11 years. [*Id.* at 16, ECF No. 20-1 at 1 (sentencing sheet)]. Petitioner did not file a direct appeal. [ECF No. 1 at 2].

On August 25, 2008, Petitioner filed an application for post-conviction relief ("PCR") (2008-CP-37-1001), asserting claims of ineffective assistance of counsel and involuntary guilty plea. [ECF No. 20-2 at 19–26]. A PCR evidentiary hearing was held before the Honorable Michael Baxley, Circuit Court Judge, on October 4, 2010, at which Petitioner and his counsel, Michael Barcroft, appeared. [*Id.* at 32–125]. On January 6, 2011, Judge Baxley filed an order of dismissal. [*Id.* at 126–33].

Petitioner appealed from the denial of PCR and was represented by Appellate Defender Breen Richard Stevens of the South Carolina Commission on Indigent Defense, Division of Appellate Defense, who filed a *Johnson* petition[3] for writ of certiorari in the South Carolina Supreme Court on or about September 23, 2011, raising the following issue: "Whether Counsel's performance was constitutionally deficient by providing misadvice to Todd about his expert witness' assessment regarding suppression of drug evidence prior [to] the guilty plea?" [ECF No. 20-3 at 3]. Petitioner's counsel asserted that the petition was without merit and requested permission to withdraw from further

---

[3] *Johnson v. State*, 364 S.E.2d 201 (S.C. 1988) (applying the factors of *Anders v. California*, 386 U.S. 738 (1967), to post-conviction appeals). *Anders* requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal, furnish a copy of that brief to the defendant, and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. *Anders*, 386 U.S. at 744.

representation. [*Id.* at 12]. Petitioner filed a *pro se* brief in which he raised the following issues:

      1)      Whether Petitioner's plea was knowingly and voluntarily entered where the plea was induced by misadvice concerning the strength of his unlawful search and seizure defense?

      2)      Whether Counsel's performance was constitutionally deficient by providing misadvice to Petitioner about his expert witness' assessment regarding suppression of drug evidence prior to the guilty plea?

[ECF No. 20-6 at 3] (errors in original).

The case was transferred to the Court of Appeals for disposition.  By order filed November 7, 2013, the South Carolina Court of Appeals denied the petition for certiorari and granted PCR appellate counsel's request to be relieved of appointment. [ECF No. 20-7]. The remittitur was issued on November 26, 2013. [ECF No. 20-8]. Petitioner filed this federal petition for a writ of habeas corpus on January 22, 2014. [ECF No. 1-2 at 2].[4]

## II.   Discussion

Petitioner raises the following grounds in his petition:

**Ground One:**      Unlawful detainment in violation of Fourth Amendment

---

[4]  The petition was received by the court on January 24, 2014, and docketed on January 27, 2014. [ECF No. 1]. However, because Petitioner is incarcerated, he benefits from the "prison mailbox rule." *Houston v. Lack*, 487 U.S. 266 (1988). The envelope containing the petition was deposited in the prison mailing system on January 22, 2014. [ECF No. 1-2 at 2].

**Ground Two:**    Unlawful search in violation of Fourth Amendment

**Ground Three:**    Guilty plea not knowingly and voluntary because applicant not instructed properly concerning alternative courses of action available to him

**Ground Four:**    Denial of effective assistance of counsel because counsel gave erroneous advice concerning possible defenses

[ECF No. 1 at 5–20] (errors in original).

    A.    Standard for Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* At the summary judgment stage, the court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Id.* at 255.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e).

B.     Habeas Corpus Standard of Review

1.     Generally

Because Petitioner filed his petition after the effective date of the AEDPA, review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2); *see Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 410.   Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

2.     Procedural Bar

Federal law establishes this court's jurisdiction over habeas corpus petitions.   28 U.S.C. § 2254.   This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States[,]" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal

court will consider the claim. *Id.* The separate but related theories of exhaustion and procedural bypass operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. A habeas corpus petition filed in this court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

a.    Exhaustion

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

(b)    (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that—

(A)    the applicant has exhausted the remedies available in the courts of the State; or

(B)    (i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c)    An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right

under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.

The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds be stated in the direct appeal or PCR application. Rule 203 SCACR; S.C. Code Ann. § 17-27-10, *et seq.*; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976). If the PCR court fails to address a claim as is required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP. Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. *Marlar v. State,* 653 S.E.2d 266 (S.C. 2007).[5] Furthermore, strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

The United States Supreme Court has held that "state prisoners must give the state

---

[5] In *Bostick v. Stevenson*, 589 F.3d 160, 162–65 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not been uniformly and strictly enforcing the failure to file a motion pursuant to Rule 59(e), SCRCP, as a procedural bar. Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"—which includes "petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999). This opportunity must be given by fairly presenting to the state court "both the operative facts and the controlling legal principles" associated with each claim. *Baker v. Corcoran,* 220 F.3d 276, 289 (4th Cir.2000) (citing *Matthews v. Evatt,* 105 F.3d 907, 911 (4th Cir.1997) (internal quotation marks omitted)). That is to say, the ground must "be presented face-up and squarely." *Mallory v. Smith*, 27 F.3d 991, 995 (4th Cir.1994) (citation and internal quotation marks omitted).

The South Carolina Supreme Court has held that the presentation of claims to the state court of appeals without more is sufficient to exhaust state remedies for federal habeas corpus review. *State v. McKennedy,* 559 S.E.2d 850 (S.C. 2002); *see also In re Exhaustion of State Remedies in Criminal and Post–Conviction Relief Cases,* 471 S.E.2d 454 (S.C. 1990). The *McKennedy* court held that *In re Exhaustion* had placed discretionary review by the South Carolina Supreme Court *"outside* of South Carolina's ordinary appellate review procedure pursuant to *O'Sullivan*." 559 S.E.2d at 854.   As such, it is an "extraordinary" remedy under *O'Sullivan*, "technically available to the litigant but not required to be exhausted," *Adams v. Holland*, 330 F.3d 398, 403 (6th Cir. 2003).

Because the South Carolina Supreme Court has held that presentation of certain claims to the South Carolina Court of Appeals without more is sufficient to exhaust state

remedies, a claim is not procedurally barred from review in this court for failure to pursue review in the South Carolina Supreme Court after an adverse decision in the South Carolina Court of Appeals.

b.    Procedural Bypass

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner who seeks habeas corpus relief as to an issue failed to raise that issue at the appropriate time in state court and has no further means of bringing that issue before the state courts. In such a situation, the person has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. Procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings if the state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

The South Carolina Supreme Court will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar.   As the Supreme Court explains:

> . . . [state procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the

10

> docket will allow, and while the attention of the appellate court is focused on
> his case.

*Reed v. Ross*, 468 U.S. 1, 10–11 (1984).

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule[,]" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith v. Murray*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986), *superseded by statute on other grounds* (AEDPA).

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply.  *See Matthews v. Evatt*, 105 F.3d at 915 (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Teague v. Lane*, 489 U.S. 288, 297–98 (1989); *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

### 3.     Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this court may consider

claims that have not been presented to the states courts in limited circumstances in which a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. *Murray*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Id.* Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error.

 C. Analysis

  1. Barred Claims

 As an initial matter, Respondent argues that Petitioner's freestanding Fourth Amendment claims in Grounds One and Two are barred from federal habeas review by *Stone v. Powell*, 428 U.S. 465, 482 (1976). The undersigned agrees.

 At his guilty plea, Petitioner relinquished his right to contest the Fourth Amendment violations he now asserts. *McMann v. Richardson*, 397 U.S. 759, 766 (1970) ("the plea is also a waiver of trial—and unless the applicable law otherwise provides, a waiver of the right to contest the admissibility of any evidence the State might have offered against the defendant . . ."); *see also Tollett v. Henderson*, 411 U.S. 258, 267 (1973) ("when a criminal

defendant has solemnly admitted in open court that he is, in fact, guilty of the offense with which he is charged [he may only attack the voluntary and intelligent character of the plea, and] he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the plea"); *United States v. Willis*, 992 F.2d 489, 490 (4th Cir. 1993) (holding that habeas petitioner's voluntary and intelligent guilty plea forecloses his right to challenge the factual sufficiency of the charged offense).

In *Stone v. Powell,* 428 U.S. 465, 482 (1976), the Court held that a federal court sitting in habeas may not grant relief on Fourth Amendment claim if "the State has provided an opportunity for full and fair litigation" of the claim. Where Petitioner could have made a challenge but chose not to make such a challenge in favor of a plea, the *Stone* doctrine will bar litigation of the claim in federal habeas. *See Moore v. Hunt*, 499 F. Supp. 2d 679, 683 (W.D.N.C. 2007) ("Petitioner was afforded a full and fair opportunity to go to trial and litigate a Fourth Amendment search and seizure claim. Instead, Petitioner chose to plead guilty and waive his right to litigate this issue. Therefore, federal habeas review of Petitioner's Fourth Amendment claim is barred by *Stone v. Powell.*"); *Muldrow v. Warden of Manning Correctional Inst.*, C/A No. 9:07-1315-TLW, 2008 WL 533803 (D.S.C. 2008) (holding although petitioner opted to plead guilty, he was nonetheless "given a full and fair chance to litigate the present issue in state court and federal habeas review is not available").

Petitioner claims in his response that did not have a fair opportunity to address his

Fourth Amendment issues in the lower court. [ECF No. 25 at 1]. However, he presents no facts or case law demonstrating his lack of a fair opportunity. The record of Petitioner's guilty plea reflects he confirmed multiple times that he understood that by pleading guilty, he would give up any defenses he might have to the charge. [ECF No. 20-2 at 9–10]. He also confirmed that he had "fully discussed all aspects of this case" with his lawyer, did not need more time to talk with her, and was "completely satisfied with Ms. White's services" as his attorney. [*Id.* at 13].

Petitioner did not seek to suppress the evidence at issue, although he had a full and fair opportunity to do so. Instead, Petitioner chose to accept the plea offer from the State. Therefore, Petitioner's claims in Grounds One and Two are barred by *Stone v. Powell*.

### 2. Ineffective Assistance of Counsel Claims

To prevail on his ineffective assistance of counsel claim, Petitioner must show (1) that his trial counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that but for counsel's error, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). The court must apply a "strong presumption" that trial counsel's representation fell within the "wide range of reasonable professional assistance," and the errors must be "so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Harrington v. Richter*, 131 S.Ct. 770, 787 (2011). This is a high standard that requires a habeas petitioner to show that counsel's errors deprived him "of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. That the outcome

14

would "reasonably likely" have been different but for counsel's error is not dispositive of the prejudice inquiry. Rather, the court must determine whether the result of the proceeding was fundamentally unfair or unreliable. *Harrington*, 131 S.Ct. at 787–88; *Strickland*, 466 U.S. at 694.

The United States Supreme Court has cautioned that "'[s]urmounting *Strickland*'s high bar is never an easy task[,]' . . . [e]stablishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult." *Harrington*, 131 S.Ct. at 788 (*quoting Padilla v. Kentucky*, 559 U.S. 356, 371 (2010)). When evaluating an ineffective assistance of counsel claim, the petitioner must satisfy the highly deferential standards of 28 U.S.C. § 2254(d) and *Strickland* "in tandem," making the standard "doubly" more difficult. *Harrington*, 131 S.Ct. at 788. In such circumstances, the "question is not whether counsel's actions were unreasonable," but whether "there is any reasonable argument that counsel satisfied *Strickland*'s deferential standards." *Id.* The unreasonableness of the state court determination must be "beyond any possibility of fairminded disagreement." *Id.* at 787. "If this standard is difficult to meet, that is because it was meant to be." *Id.* at 786. Section 2254(d) codifies the view that habeas corpus is a "'guard against extreme malfunctions in the state criminal justice system,' not a substitute for ordinary error correction through appeal." *Id., quoting Jackson v. Virginia*, 443 U.S. 307, 332 n. 5 (1979)).

### 3.     Merits Review of Grounds Three and Four

In Ground Three, Petitioner alleges that his guilty plea was not knowing and voluntary because he was not informed of alternative courses of action available to him. In Ground Four, Petitioner contends that he received ineffective assistance of counsel because counsel gave him erroneous advice concerning possible defenses. Both of these grounds were raised to and ruled on by the PCR court and raised in the PCR appeal.

At PCR, trial counsel testified that he had consulted with two experts to determine whether the drug dog properly alerted for the search of Petitioner's car during the traffic stop. Petitioner himself testified that he would have gone to trial but for the fact counsel told him the second expert, Steven Nicely, also advised he could not help in a suppression challenge. [ECF No. 20-2 at 43–45]. Petitioner complained that counsel should have considered that he was not issued a ticket and that the stop was problematic. *Id.* at 47. Petitioner conceded that, prior to counsel advising that the second expert could not help, he had decided to accept a plea for a recommended 13-year sentence. *Id.* at 42–43]. Petitioner acknowledged that counsel informed him in the same conversation about Mr. Nicely being unable to help, that counsel informed Petitioner that the State had offered to lower the recommendation to 11 years. *Id.* at 43. Petitioner also conceded that counsel had filed motions regarding suppression, but that a suppression hearing was not held. *Id.* at 45. Petitioner also admitted he accepted the plea to avoid going to trial on the trafficking more than 400 grams charge and to resolve a second trafficking charge, each of which carried 25-year maximums. *Id.* at 49–51.

Counsel testified that neither expert advised that it was likely the drug dog search could be successfully challenged, mainly because Petitioner was directly in front of the camera, blocking "pretty much the whole search." [ECF No. 20-2 at 79–81]. She testified that she was counsel for both trafficking charges, and she considered both charges, as "it doesn't do me any good to get him out of this one if he's facing trafficking and twenty-five on another one." [ECF No. 20-2 at 92]. Counsel testified that she did not receive the dog training records, but she noted that the delay could have endangered the deadline for accepting the plea that avoided Petitioner's exposure to a 60-year potential sentence on the two drug charges and a weapons charge. *Id.* at 101–102. Counsel also testified that requiring a full suppression motion before the plea would have most likely scuttled the opportunity to plead with favorable terms, testifying: "it was either take the plea offer or we're going to do a suppression hearing and going to trial. I didn't have the option of both." *Id.* at 84. Counsel testified that she did not recall a ticket having been provided in the discovery, "[b]ut as you know, the case law doesn't require one to be issued." *Id.* at 94. Counsel testified she would have gone to trial and pursued a suppression hearing but-for Petitioner's decision to accept the plea offer. *Id.* at 107. Counsel noted she spoke to Petitioner and two experts, as well as to the narcotics officer, who advised counsel that Petitioner:

> . . . had pretty much confessed. On the second tape as well, he had confessed in that one. And so, like I say, it was just very difficult when you're facing two traffickings, and according to the officers he's confessed in both cases. I can't say that I thought his decision to take the plea was unreasonable.

*Id.* at 106–107.

At PCR, Petitioner presented Mr. Nicely, who testified that he was "confident that the dog was not searching properly" based on his review of the tape. [ECF No. 20-2 at 59]. However, he also conceded that he advised trial counsel that it was unlikely they could prevail as, in his opinion:

> . . . the courts are slowly starting to realize that the dogs are not infallible. And that the—because you couldn't see a lot of it, that getting the Court's [sic] to under that this handler most likely cued that dog, if it did happen, because of the behaviors. It's a slow process right now. And some courts are beginning to recognize that and some aren't. And it would have been very difficult, a big gamble.

[ECF No. 20-2 at 113].

At the close of the hearing, the PCR judge rejected Petitioner's allegations of error under *Strickland*. [ECF No. 20-2 at 121–23]. The judge found counsel was representing Petitioner, who "had two cases that carried a twenty-five year mandatory minimum sentence." [ECF No. 20-2 at 122]. He further found:

> You had extreme exposure in these situations. An expert was consulted, which is certainly the standard of care. The expert did not give an opinion that you could quote, defeat or beat this charge and suppress the evidence. Counsel has testified that once you get into the transactional business of contesting the charge and going forward, at that point you would have been on the hook and been required to go forward with the trial. To say that the records for the dog were not available or the handler records or training records, all of that is speculation because I have no record before me today that would indicate that the dog was not reliable and not accurate. There is some discussion of the expert about that with regard to the particular tape, but I don't have any evidence of a general attack on the reliability of the dog. For all of those reasons, I find that you have failed to meet the prong that says your lawyer's performance fell below the standard. I also don't find any prejudice at this point. And actually you got a benefit in that you—even though eleven years is not what you would want to have, it's certainly better

than twenty-five times two, and thus you did what was in your best interest at
the time and entered a guilty plea.

[ECF No. 20-2 at 123–24].

In his Order denying PCR, Judge Baxley found counsel's testimony was credible
and Petitioner's testimony not credible, concluding that counsel could have sought
suppression but-for Petitioner's voluntary and informed decision to plead guilty. [ECF No.
20-2 at 130–31]. The PCR judge's credibility determinations are factual determinations
entitled to deference in this action. *Cagle v. Branker*, 520 F.3d 320, 324 (4th Cir. 2008),
*citing* 28 U.S.C. § 2254(e)(1) ("for a federal habeas court to overturn a state court's
credibility judgments, the state court's error must be stark and clear. *See id.* § 2254(e)(1)).

In his response, Petitioner selectively cites to Mr. Nicely's testimony to support his
argument that the canine search was improper, but he fails to acknowledge Mr. Nicely's
admission at PCR that challenging the canine search would have been "very difficult, a big
gamble." [ECF No. 20-2 at 113]. The testimony of Mr. Nicely at PCR corroborated
counsel's testimony that the experts opined it was unlikely Petitioner could win a challenge
to the search.

The undersigned finds that the PCR court made reasonable findings of fact and
reasonably applied federal law in denying these claims in light of the evidence presented.
Petitioner has shown no cause to discount the PCR court's credibility findings, and the
record of the guilty plea reflects Petitioner understood his right to contest the charge and
proceed with trial.  The PCR judge found that Petitioner "found himself in a difficult
position at trial, and opted to accept a guilty plea to one charge with a recommendation of

19

eleven years prison time rather than face the possibility of two separate trials with mandatory minimum sentences far in excess of what the solicitor recommended for the plea." [ECF No. 20-2 at 132]. The PCR judge determined that Petitioner resolved it was in his best interest to plead guilty, and, having failed to show ineffective assistance in regard to the advice prior to the plea, Petitioner was not entitled to any relief. *Id.* The undersigned finds that the state court records support the PCR judge's factual findings, and the PCR judge's conclusions reflect a reasonable application of *Strickland* on the facts of record. As such, Petitioner is not entitled to habeas relief on his claims of involuntary guilty plea and ineffective assistance of plea counsel.

To the extent Petitioner intended to allege other claims regarding plea counsel's performance, those allegations are vague, as Petitioner fails to point out either how plea counsel's performance was deficient or how Petitioner was prejudiced by that performance. As such, Petitioner is not entitled to relief on these claims and they should be summarily dismissed for lack of specificity. *See Jones v. Gomez*, 66 F.3d 199, 204 (9th Cir. 1995) (quoting *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994)) ("It is well-settled that 'conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.'"); *see also Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (summary disposition of habeas petition appropriate where allegations are vague or conclusory); *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970) ("The petition should set out substantive facts that will enable the court to see a real possibility of constitutional error.").

Petitioner cannot establish that he is entitled to federal habeas relief on any claim in Grounds Three or Four under 28 U.S.C. § 2254(d), and the undersigned recommends that they also be denied and dismissed with prejudice.

II.     Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends the court grant Respondent's motion for summary judgment [ECF No. 19].

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

January 9, 2015                                    Shiva V. Hodges
Columbia, South Carolina                          United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.   Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.   "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"   *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.   28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*   Fed. R. Civ. P. 6(a), (d).   Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**   28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).